08          1303

UNTITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**(JURY TRIAL OF ALL
ISSUES DEMANDED)**

-------------------------------------------------------------------X

HARRY RICKS

**COMPLAINT**

Plaintiff(s)

-against-                    GLEESON, Case #: CV_____

DET. LEE ABRAHALL, DET. CHARLES
LOPRESTI, DET. JOHN COLLINS,
DET. LOCKWOOD, Individually and as
Detectives of the NEW YORK CITY POLICE
DEPT.; CITY OF NEW YORK

POHORELSKY, M.J.

FILED
IN CLERKS OFFICE
U.S DISTRICT COURT E.D. N.Y
MAR 31 2008
BROOKLYN OFFICE

Defendant(s)

-------------------------------------------------------------------X

The plaintiff complaining of the defendants by his attorney, GARNETT H.
SULLIVAN, ESQ., respectfully shows to the court and alleges:

FIRST:              This is an action for money damage brought pursuant to 42
                    U.S.C. 1983 and 1988, and the Fourth and Fourteenth
                    Amendments of the United States Constitution and the laws
                    of the State of New York against Det. LEE ABRAHALL,
                    Det. CHARLES LOPRESTI, Det. JOHN COLLINS, Det.
                    LOCKWOOD, individually, and against The CITY of NEW
                    YORK.  Jurisdiction is based upon 28 U.S.C. secs. 1231 and
                    1343, and on the pendent jurisdiction of this court to entertain
                    claims arising under state law.

SECOND:             It is alleged that the individual defendant's made an
                    unreasonable seizure of the person of the plaintiff, deprived
                    him of due process of law, and unlawfully imprisoned and
                    prosecuted the plaintiff in violation of the Fourth and
                    Fourteenth Amendments to the United States Constitution.  It
                    is further alleged that these violations and torts were

committed as a result of the policies, customs and usage of the City of New York.

## **PARTIES**

THIRD:        That the plaintiff HARRY RICKS was at all times hereinafter mentioned a resident of the City of New York.

FOURTH:       That at the time of the conduct complained of herein, the plaintiff was an infant under the laws of the State of New York, but is now of full age.

FIFTH:        That upon information and belief at all times hereinafter mentioned the individual defendants were residents of the State of New York who were duly appointed and acting as detectives of the Police Department of the City of New York, acting under color of law, to wit, under color of statutes, ordinances, regulations policies, customs and usages of the City of New York.

SIXTH:        That the defendant CITY OF NE W YORK is a municipal corporation organized under and by virtue of the laws of The United States.

## **FACTS**

SEVENTH:      That on or about December 29, 2004in the vicinity of 370 Bushwick Ave., in the county of Kings, City and State of New York, the plaintiff was taken into police custody by Det.

JOHN COLLINS while lawfully walking about the aforesaid premises.

EIGHTH: The plaintiff who was 17 years old was transported to the 103 Pct. In Queens County, City and State of New York, where he was detained in an interrogation room, and thereafter was subjected to several hours of intense interrogation and accusations by the defendants of participation in a robbery which he knew nothing about.

NINTH: That the defendant's engaged in various unreasonable coercive tactics, and convinced the plaintiff that they had proof of his participation in the alleged robbery, and that they persuaded him that he would not be released from custody unless he admitted participation in the alleged robbery.

TENTH: That during their interrogation of the plaintiff the defendants did not reveal to plaintiff that they were actually investigating a murder.

ELEVENTH: That the defendant's ignored and failed to investigate the plaintiff's statements regarding his whereabouts at locations other than the vicinity of the crime at the time of occurrence of the crime.

TWELFTH: That the defendant's engaged in a course of conduct purposely designed to overwhelm the free will of the plaintiff, and eventually convinced, coerced and persuaded the plaintiff to involuntarily write and sign a number of confessions to

crimes he did not commit, and participate in, or knew nothing about

THIRTEENTH:    That the defendants fabricated evidence against the plaintiff by creating false confessions to be used as evidence in prosecution a criminal action against the plaintiff.

FOURTEENTH:    That upon obtaining involuntary, coerced confessions for the infant plaintiff, the plaintiff was falsely arrested and charged by the defendants with three (3) counts of murder (second degree); attempted robbery; and two counts of criminal possession of a weapon allegedly committed by plaintiff on December 29, 2004.

FIFTEENTH:     That the said arrest, imprisonment, and false charging of plaintiff with crimes he did not commit was caused by the defendants without authority of the law and without any reasonable cause or belief that the defendant was in fact guilty of such crimes.

SIXTEENTH:     That the defendant's, their agents servants and employees acting within the scope of their employment authority, detained and imprisoned the plaintiff even though the defendant's their agents, servants, and employees had the opportunity to know or should have known that the matters alleged, wrongfully, unlawfully and without a sufficient charge having been made against plaintiff directed that the plaintiff be confined in various locations.

SEVENTEENTH:          That the plaintiff was wholly innocent of each of the
                      aforesaid criminal charges and did not contribute in
                      any way to the conduct of the defendant's, their agents,
                      servants, and employees, and was forced to submit to
                      the aforesaid arrest and imprisonment.

EIGHTEENTH:           That on or about December 31, 2004 the defendants
                      caused the plaintiff to be brought before a judge of the
                      criminal court of the city of New York, County of
                      Queens and was arraigned on charges of murder,
                      attempted robbery, and criminal possession of a
                      weapon.  Said charges were instituted by the defendant
                      LEE ABRAHALL.

NINETEENTH:           That as a result of the aforesaid wrongful conduct of
                      the defendants, agents, servants, and employees the
                      plaintiff was imprisoned until he was released on
                      March 31, 2005

TWENTIETH:            That upon information and belief the defendants
                      testified against the plaintiff before a grand jury and
                      misled the grand jury into believing that the plaintiff
                      had voluntarily confessed to the crimes charged, and
                      withheld all evidence tending to show the lack of
                      evidence of plaintiffs participation in the crimes
                      charged.

TWENTY-FIRST:          That upon information and belief the defendant's
                      misleading and false testimony to the grand jury
                      procured an indictment against the plaintiff

TWENTY-SECOND:     That the said prosecution, criminal charges, and subsequent proceedings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully, maliciously, and without any reasonable or probable cause whatsoever therefore.

TWENTY-THIRD:      That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, and with actual malice.

TWENTY-FOURTH:     That the aforementioned charges were found to be false, and were dismissed, and the criminal proceedings were terminated in the plaintiff's favor on or about September 7, 2005.

TWENTY-FIFTH:      That the plaintiff was and is wholly innocent of all charges brought against him by the defendant.

TWENTY-SIXTH:      That the defendants, their agents, servants and employees intended to confine the plaintiff, that the plaintiff was conscious at the time of the confinement. Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

TWENTY-SEVENTH:   That at all times during the events described above, the individual defendants in their capacity as detectives for the defendant CITY OF NEW YORK were engaged in a joint venture.  They assisted each other in performing the various actions described and lent their support, physical presence, and the authority of their office to each other during the said events.

TWENTY-EIGHT:   As a direct and proximate result the said acts of the defendants, the plaintiff was caused to suffer the following injuries and damages.

(a)   Violation of his constituted rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person.

(b)   Deprivation of his constitutional due process rights

(c)   Loss of liberty and significant deprivation of his freedom.

(d)   Serious emotional and mental trauma and distress

(e)   Was subjected to great indignities, humiliation, scorn and ridicule

(f)   Injured his reputation and character

(g)     Injured his reputation in the community.

(h)     Was unable to attend school

## FISRT CAUSE OF ACTION

TWENTY-NINTH:     The plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "28" with the same force and effect as though fully set fourth at length herein.

THIRTIETH:     That at all times herein-mentioned the individual defendants acted under color and pretense of law, to wit: under color of statutes, ordinances, regulations, customs and usages of the City of New York and the defendant here engaged in the illegal conduct herementioned to the injury of the plaintiff, and deprived plaintiff of Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States.

THIRTY-FIRST:     Plaintiffs claims compensatory and punitive damages for his false arrest, imprisonment, unlawful seizure and malicious prosecution under 42 U.S.C. 1983 against all the individuals

## SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK

THIRTY SECOND:      The plaintiff repeats, reiterates, and re-alleges each and every allegation as set forth in paragraphs numbered "1" through "28" with the same force and effect as though fully set forth at length herein.

THIRTY-THIRD:      That prior to December 29, 2004 the defendant CITY OF NEW YORK developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the CITY OF NEW YORK, which caused the violation of the plaintiff's rights.

THIRTY FOURTH:      That it is the policy, custom, and/or usage of the CITY OF NEW YORK to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by defendant CITY OF NEW YORK.

THRITY-FIFTH:      It was the policy, custom and/or usage of the CITY OF NEW YORK to inadequately supervise and train its Police Officers and detectives, including the individual investigative detectives, thereby failing to discourage further constitutional violations on the part of its Police Officers and detectives. The City has not required appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

THIRTY-SIXTH:     As a result of the above described polices and customs, police officers and detectives of the CITY OF NEW YORK, including the defendant's herein believed that their actions would not be properly monitored by supervisory personnel and that misconduct would not be investigated or sanctioned but would be tolerated.

THIRTY-SEVENTH:   That the above-described policies and customs demonstrated a deliberate indifference on the part of the policy members of the CITY of NEW YORK to the constitutional rights of persons within the City, and were the cause of the various violations of plaintiff's constitutional rights alleged herein.

THIRTY-EIGHTH:    That all of the foregoing was in violation of 42 U.S.C. 1983 and the plaintiff claims damages thereunder.

**WHEREFORE**, the plaintiff requests judgments against defendants as follows:

(a)     Awarding compensatory damages against the defendants jointly and severally;

(b)     Awarding punitive damages against the individual defendants;

(c)     Award reasonable attorney's fees costs to the plaintiff;

(d)     Award to plaintiff the costs and disbursements of this action, and for such other and further relief as the court deems proper

Dated:     Floral Park, New York
           March 2, 2008

_____
**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
245-02 Jericho Tpk.
2nd Fl.
Floral Park, NY 11001
516.285.1575
Fax: 516.285.1608